192 P.3d 610

Jose Luis Andrade **CANALES** and Torito's Mexican Inc. I and Torito's Mexican Inc. II, Respondents/Plaintiffs–Appellees,

v.

Julio Rodolfo Melendez **ARTIGA**, Yoshimi Makimoto, and Julio's Accountant Corporation, Petitioners/Defendants–Appellants,

and

John Does 1–10, Jane Does 1–10, Doe Partnerships 1–10, Doe Corporations 1–10, and Doe Governmental Entities 1–10, Defendants.

No. 28908.

Supreme Court of Hawai'i.

Sept. 19, 2008.

Steven Guttman and Kathy K. Higham (of Kessner Umebayashi Bain & Matsunaga), Honolulu, for petitioners/defendants-appellants, on the application.

Robert G. Klein and Lisa M. Ezra (of McCorriston Miller Mukai MacKinnon), Honolulu, for respondents/plaintiffs-appellees, in opposition.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

**PER CURIAM.**

This court accepted a timely application for a writ of certiorari, filed August 26, 2008, by petitioners/defendants-appellants Julio Rodolfo Melendez Artiga, Yoshimi Makimoto, and Julio's Accountant Corporation [hereinafter, collectively, petitioners], requesting this court to review the Intermediate Court of Appeals's (ICA) June 2, 2008 order dismissing petitioners's appeal for lack of appellate jurisdiction. The ICA determined that the November 20, 2007 interlocutory order denying the motion to expunge the notice of pendency of action (*lis pendens*) in Civil No. 07–1–1597 is not an appealable collateral order. The ICA determined that the denial of expungement of the *lis pendens* does not conclusively resolve the disputed question whether the *lis pendens* should or should not be expunged because

the circuit court could change course and expunge the [*lis pendens*] at some time in the future. For example, if certain factual circumstances change between now and the entry of a final judgment, the [petitioners] might renew their motion to expunge the [*lis pendens*]. Furthermore, if the [petitioners] eventually prevail on all of the [respondents/plaintiffs-appellees's] claims that concern real property, the [petitioners] may be entitled to have the circuit court expunge the [*lis pendens*]. [Citation omitted].

Order Dismissing Appeal for Lack of Appellate Jurisdiction at 4. However, a change in factual circumstances during the course of the circuit court action or a resolution of the action in favor of the petitioners will not affect the validity of the *lis pendens* inasmuch as the determination of the validity of the *lis pendens* is restricted to a review of the face of the complaint. *See S. Utsunomiya Enters., Inc. v. Moomuku Country Club,* 75 Haw. 480, 505, 866 P.2d 951, 964 (1994); *Knauer v. Foote,* 101 Hawai'i 81, 89, 63 P.3d 389, 397 (2003). The circuit court determined that the respondents/plaintiffs-appellees's complaint asserts a direct claim of title to real properties for which a valid *lis pendens* was filed. Such determination conclusively resolved the disputed question whether the *lis pendens* should or should not be expunged.

The ICA further determined that the denial of expungement of the *lis pendens* does not cause irreparable harm because

an order denying a [*lis pendens*] merely preserves the status quo on a temporary basis. Despite the continued existence of the [*lis pendens*], the [petitioners] continue to be the owners of record of the real property unless they choose to sell it, in which case the "lis pendens does not prevent title from passing to the grantee, but operates to cause the grantee to take the property subject to any judgment rendered in the action supporting the lis pendens." Furthermore, the purchaser could move to expunge the [*lis pendens*], because "there is precedent for permitting a purchaser of real property to challenge the filing of a lis pendens after the sale had taken place[,] ... even though the purchaser ... closed the purchase with actual knowledge of the lis pendens."

Order Dismissing Appeal for Lack of Appellate Jurisdiction at 5 (citations omitted). However, we have stated that

the practical effect of a recorded [*lis pendens*] is to render a defendant's property unmarketable and unusable as security for a loan. The financial pressure exerted on the property owner may be considerable, forcing [the owner] to settle not due to the merits of the suit but to rid [the owner] of the cloud upon [the owner's] title.

*S. Utsunomiya,* 75 Haw. at 502–03, 866 P.2d at 963 (citation omitted) (format altered); *Knauer,* 101 Hawai'i at 93, 63 P.3d at 401 (quoting *S. Utsunomiya, supra*). Because of this practical effect, the denial of expungement of the *lis pendens* may result in irreparable harm if the denial is not subject to immediate appellate review.

The November 20, 2007 order denying the motion to expunge the notice of pendency of action in Civil No. 07–1–1597 is a collateral order that is immediately appealable as a final order pursuant to Hawai'i Revised Statutes § 641–1(a) (Supp.2007).

The June 2, 2008 order of the ICA dismissing No. 28908 for lack of appellate jurisdiction is vacated. No. 28908 is remanded to the ICA for disposition on the merits.